## JOHN VICKERY *versus* JONAS WELCH.

Under a bond to convey and to assure to the obligee the obligor's chocolate-mill, "together with his exclusive right and art or secret manner of making chocolate and all information pertaining to his said manner of making chocolate," it is incumbent on the obligor to convey such exclusive right, with a covenant that he will communicate all the information necessary to enable the obligee to use the right or secret art, and that he will not divulge the secret to any other person.
Such a contract is not in restraint of trade.

THIS was an action of debt on a bond, dated August 11th, 1836. The case was tried before *Morton* J.

The condition of the bond was, that the defendant should, upon the request of the plaintiff on or before the 1st of September, 1836, convey and assure unto the plaintiff certain tenements and water privileges situate in Braintree, known by the name of Welch's chocolate-mills, "together with his exclusive right and art or secret manner of making chocolate, and all information pertaining to his said manner of making chocolate, with all movable furniture, apparatus and utensils, with the privilege of using the pans as they now are and continuing the same, by good and sufficient deed of warranty, freed and discharged from all incumbrances whatsoever," the plaintiff having first paid or secured to the defendant the purchase money, to wit, $ 2000 on the delivery of the deed and $ 7500 in eight annual payments as specified in the bond.

After the execution of the bond, three other persons agreed with the plaintiff to associate themselves with him in the purchase, and it was verbally agreed by the plaintiff and defendant, that the conveyance should be made to the plaintiff and his associates. On the 1st of September the plaintiff and his associates, and the defendant, convened at Boston for the purpose of completing the contract set forth in the bond. A tender of $ 2000, and of security for the balance of the purchase money, was duly made to the defendant, and a conveyance conformable to the condition was demanded of him. The defendant thereupon tendered a deed to the plaintiff and his associates, of the defendant's mills, machinery, tools and fixtures, which was objected to, and he was requested to make a conveyance of his right or art of making chocolate, in the

words of the bond.   This he refused to do, but said that he would communicate his secret manner of making chocolate and all he knew about it, but that he would not bind himself not to communicate it to others ; stating that he had no exclusive patent or right, and that the plaintiff knew this at the time of the making of the bond.   The defendant then returned to his home in Braintree.   In the afternoon of the same day the plaintiff went to the defendant's house, and again tendered him $ 2000 and the security which he had tendered at Boston, having previously informed the defendant that the plaintiff's associates had declined to be further concerned with him in the purchase, and also demanded of the defendant a conveyance to the plaintiff alone, according to the condition of the bond.   The plaintiff offered to have such a conveyance written, or to wait till the next morning for the defendant to procure one to be written.   The defendant refused to give any other deed of the real estate than that which he had offered in Boston.   That deed he again tendered to the plaintiff, and also a deed as follows : " Know all men &c. that I, Jonas Welch, of Braintree, in consideration of the contract executed between me and John Vickery, and in compliance therewith, do hereby convey and assure to said Vickery, his representatives and assigns, my exclusive right and arts or secret manner of manufacturing chocolate ; hereby declaring, however, that I have no patent or other exclusive right or arts except what I have gained by my skill and experience, and never have professed or claimed to have any other ; and I never have, and do not hereby even impliedly covenant not to communicate the results of my experience to others." He said that he could give no other instrument, and that he acted under advice of counsel.   It appeared that two or three other persons had knowledge of the defendant's secret art of making chocolate, but that he had exacted an oath or a bond of them, not to divulge it while he should continue in the manufacture.

The cause was withdrawn from the jury, by consent of parties.   If on these facts the whole Court should be of opinion, that a breach of the condition of the bond was proved, for which the defendant was liable, he was to be defaulted, and such a hearing to be had as to damages, as the Court should order.

*Choate, Crowninshield* and *Breck*, for the plaintiff, contended, that the meaning of the contract was, that the plaintiff should have the exclusive benefit of making chocolate in the mode used by the defendant ; that the defendant ought to have covenanted that he would communicate his secret art to the plaintiff and would not divulge it to any other person ; and that at the least he should have tendered a deed in the very words of the bond. *Hopkins* v. *Young*, 11 Mass. R. 302 ; *Propert* v. *Parker*, 3 Mylne & Keen, 280 ; *Browning* v. *Wright*, 2 Bos. & Pul. 22. As to secrets of art, not patented, they referred to Phillips on Patents, 333, 340 ; *Smith* v. *Dickenson*, 3 Bos. & Pul. 630.

*Richardson* and *Leland*, for the defendant, said that a conveyance in the words of the bond, would not benefit the plaintiff ; that the defendant agreed to impart to him a secret, and this he offered to do, but that he had not stipulated that he would not divulge the secret to others ; and that such a stipulation would have been invalid, as being in restraint of trade. Com. Dig. *Trade*, *D* 3 ; 2 Wms's Saund. 156, note 1 ; *Mitchel* v. *Reynolds*, 1 P. Wms. 183 ; *Davis* v. *Mason*, 5 T. R. 118 ; *Prugnell* v. *Goss*, Aleyn, 67 ; *Alger* v. *Thacher*, ante, p. 51.

*Metcalf*, in reply, cited to the point, that such secrets did not come within the principle of restraint of trade, *Bryson* v. *Whitehead*, 1 Sim. & Stuart, 74.

PUTNAM J. delivered the opinion of the Court. The defendant contends that he has performed or offered to perform all that was required of him in the condition of the bond ; while the plaintiff, on the other hand, denies any such performance or offer ; and the question is to be settled by determining what was the true intent and meaning of the bond.

It is very clear that both parties had reference to the defendant's exclusive and secret art of making chocolate, and that art was to be conveyed to the plaintiff, together with the chocolate mills, &c. It must be taken that such transfer entered greatly into the value or consideration which the plaintiff stipulated to give for the property. The defendant was to transfer to the plaintiff, for his exclusive use, the secret manner which the defendant had of making chocolate. It must

have been represented and understood by the parties, that the defendant had used such an exclusive art, which had given great advantage to him in the manufacture of chocolate. The plaintiff was to become the proprietor of the mills, and also of the secret mode of manufacture which the bond supposes was used and possessed by the defendant. The defendant was to sell, the plaintiff was to buy. Now we cannot perceive the least reason which, after such sale, would enable the defendant lawfully to retain any right in the property or rights sold, nor any right to convey to strangers, any part of what was to be transferred to the plaintiff. The exclusive right was to be transferred to the plaintiff, and we cannot conceive that it would be exclusive, if the defendant might, after such transfer, admit as many persons to participate as would pay for, or receive gratuitously, the same privilege which the defendant had granted or stipulated to grant.

Nor is there any difficulty in making a grant of this right, with proper covenants touching the same, in the deed conveying the real estate. It would have been sufficient, after describing the real estate, to have added, "together with the grantor's exclusive right and art or secret manner of making chocolate, and all information pertaining to his said manner of making chocolate," in the words of the condition of the bond, with a covenant (which the bond necessarily implies) in the nature of further assurance, to communicate all the information necessary to enable the plaintiff to have, use and enjoy the right or secret art exclusively, and a covenant that the plaintiff should from thenceforth have, use and enjoy the same right or secret art exclusively, without any lawful interference from any person or persons whomsoever.

It would not have been necessary to spread the secret at large in the conveyancing and place the same upon the public records of the county. That proceeding, as everybody sees, would have defeated the very transfer of the right. It was known to both parties, that there was no patent right granted to the defendant. It was for his exclusive secret that the parties treated, and the secret would not be kept if put at large upon the records.

But there was no difficulty in assuring this right to the plain-

tiff in general and apt words, with covenants to do all things, and give information in all things and matters, necessary to enable the plaintiff to use and enjoy the right; and that instruction and information should have been given to the plaintiff in private, to the end that he might preserve the right, that he might keep the secret, for his own use and exclusive enjoyment.

But the defendant has refused to do so. He has given such a construction as would enable him, for love or money, to communicate the secret to all other people; a construction which we think entirely inconsistent with his obligation to the plaintiff, and he has refused to assure the right to the plaintiff according to the true intent and meaning of the condition of the bond, although the plaintiff has done all things incumbent upon him to do as conditions precedent to such assurance.

It was contended for the defendant, that this obligation was void as being in restraint of trade. But we cannot suppose that the case comes within that doctrine. *Bryson* v. *Whitehead*, 1 Sim. & Stu. 74. The defendant claims to operate by a secret art. The public are not prejudiced by the transfer of it to the plaintiff. If it were worth any thing, the defendant would use the art and keep it secret, and it is of no conse quence to the public whether the secret art be used by the plaintiff or by the defendant.

We are also of opinion, that there was a breach of the bond when the defendant refused, at his house in Braintree, to convey to the plaintiff himself. The verbal agreement which the plaintiff had made with his associates, had no effect to alter or change the liability of the defendant on his bond to the plaintiff, inasmuch as he, the defendant, had refused to assure the right to the plaintiff and his associates, and they, in consequence of such refusal, abandoned the enterprise.

It is the opinion of the whole Court, that the bond has been forfeited by the defendant, and that he may be heard in chancery touching the damages.